IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:18-cr-00252-TWP-MJD |
| | ) | |
| DAYONTA MCCLINTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## GOVERNMENT'S MOTION TO EXCLUDE ALIBI WITNESSES

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the

Southern District of Indiana, and Michelle Brady and Peter Blackett, Assistant United States

Attorneys, hereby file this Motion *in Limine*, and avers the following in support of the Motion:

**A.      Alibi Witness- Federal Rule of Criminal Procedure 12.1**

Federal Rule of Criminal Procedure 12.1(a) requires, upon a request, notice of an alibi

defense.  The rule states as follows:

(1) *Government's Request*.  An attorney for the government may request in writing that the defendant notify an attorney for the government of any intended alibi defense.  The request must state the time, date, and place of the alleged offense.

(2) *Defendant's Response*.  Within 14 days after the request, or at some other time the court sets, the defendant must serve written notice on an attorney for the government of any intended alibi defense.  The defendant's notice must state:

    (A) each specific place where the defendant claims to have been at the time of the alleged offense; and
    (B) the name, address, and telephone number of each alibi witness on whom the defendant intends to rely.

Fed. R. Crim. P. 12.1(a).

**B.** **The United States Has Complied with Rule 12.1; Defendant Has Not**

Pursuant to Rule 12.1(a), on May 16, 2019, the Government requested in writing that the defendant notify the government of any intended alibi defense. *See Government Exhibit 1*. Counsel for the defendant signed a receipt, acknowledging that he had received the notice of alibi defense. *See Government Exhibit 2*. Pursuant to Rule 12.1(a)(2), the defendant was to respond within 14 days of the notice and include each specific place where the defendant claims to have been at during the time of the alleged offense and the name, address, and telephone number of each alibi witness to whom the defendant intends to rely. That is, defendant's response to the Government's request was due on May 30, 2019.

On July 19, 2019, Counsel for the defendant provided a response to the Government's Rule 12.1(a) request, which response was legally deficient.  That is, counsel for defendant provided the name of an alibi witness, her phone number, an email address and her address, but failed to state each specific place where the defendant claims to have been at the time of the offenses charged in the Indictment. Moreover, Counsel indicated that he might, at some unspecified time in the future, add an additional alibi witnesses. *See Government Exhibit 3*.

On July 23, 2019, the government, via email, again requested—as Rule 12.1(a)(2) requires—notice of where the defendant claims to have been during the time of the alleged offense and the name, address, and telephone number of each alibi witness to whom the defendant intends to rely. Counsel for the Defendant indicated that the information would be provided by the end of the week.  To date, no such information has been provided.

Defendant has failed to comply with Rule 12.1.  Counsel has not provided to the government each specific place where the defendant claims to have been at during the time of the

alleged offense and the name, address, and telephone number of each alibi witness so whom the defendant intends to rely.

Moreover, the information that defendant has actually provided is unhelpful.  On July 24, 2019, Special Agent Steven Secor, went to the alibi witnesses disclosed address, and was informed by a family member of the alibi witness, that the alibi witness did not live at the location. *See Government Exhibit 4.*

### C.       Defendant Should Be Precluded from Offering Alibi Evidence

Defendant has blown past the deadline imposed by Rule 12.1.  Pursuant to Rule 12.1(b), this information should have been disclosed on May 30, 2019. Rule 12.1(b) indicates that the defendant's response is due within 14 days, or at some other time the court sets. The government has been exceedingly patient with respect to Rule 12.1's dictates; however, the information required by the rule is necessary for the government's preparation.  The defendant has failed to comply with Rule 12.1.

Thus, this Court should exclude the alibi witnesses.  Pursuant to Federal Rule of Criminal Procedure 12.1(e), "if a party fails to comply with the rule, the court may exclude the testimony of any undisclosed witness regarding the defendant's alibi." Federal Rule of Criminal Procedure 12.1(e) also states that "this rule does not limit the defendant's right to testify." *Id*.  "Notice to the prosecution of proposed alibi evidence is required because an alibi defense is at once compelling if accepted and easy to concoct, so the prosecution is justified in wanting an opportunity to investigate it in advance of trial." *United States v. Ford*, 683 F.3d 761 at 764 (7th Cir. 2012.) In *Ford*, the Defendant argued that he did not have to follow Federal Rule of Criminal Procedure 12.1 (a) because his witness was not an alibi witness. *Id*. The Seventh Circuit stated that the

"district judge was right to exclude the evidence because of the defendant's failure to have complied with Rule 12.1(a)." *Id*.

In the Court Order granting the Defendant's fourth Motion for Continuance, the court noted that the "Defendant should anticipate no further continuances." The defendant's failure to comply with Federal Rule of Criminal Procedure 12.1, results in the Government having a little over a month to determine the identity of the defendant's alibi witnesses and to attempt to investigate the veracity of the defendant's alibi. Again, the United States requested this information on May 16, 2019. Eleven weeks later—and thus nine weeks after Rule 12.1's time requirement—the defendant has still not identified the alibi witnesses as required in Rule 12.1.

As a result of the defendant's failure to comply with Federal Rule of Criminal Procedure 12.1, the Government requests this Court exclude the testimony of the defendant's alibi witnesses.

Respectfully Submitted,

JOSH J. MINKLER
United States Attorney

*/s/ Peter A. Blackett*
Peter Blackett
Assistant U.S. Attorney
Office of the United States Attorney
10 W. Market Street, Suite 2100
Indianapolis, IN 46204-3048
Tel: 317.226.6333
Peter.Blackett@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2019, a copy of the foregoing filed

electronically.  Notice of this filing will be sent to the applicable parties by

operation of the Court's electronic filing system.  Parties may access this

filing through the Court's system. Service of this filing will be made on all

ECF-registered counsel by operation of the court's electronic filing system.

Parties may access this filing through the court's system.


By:    s/ Peter A. Blackett
       Peter A. Blackett
       Assistant United States Attorney
       Office of the United States Attorney
       10 W. Market St., Suite 2100
       Indianapolis, Indiana 46204-3048
       Telephone: (317) 226-6333
       Email: peter.blackett@usdoj.gov